# MEMO ENDORSED

Flynn Ezra Beckman
(NY Reg. No. 6215545)
  flynn.beckman@chrisjen.com
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 323-5000
Facsimile: (801) 355-3472

*Attorneys for Plaintiffs*

> Defendants are instructed to file any opposing or response papers by June 9, 2026.
>
> SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J.
> Dated: May 27, 2026
> New York, New York

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R.A.L.., individually and N.G.L.<br><br>Plaintiffs,<br><br>v.<br><br>ANTHEM INSURANCE COMPANIES, INC., AN INDEPENDENT LICENSEE OF THE BLUE CROSS AND BLUE SHIELD ASSOCIATION, D/B/A/ ANTHEM BLUE CROSS AND BLUE SHIELD; BARCLAYS SERVICES CORPORATION; AND THE BARCLAYS SERVICES CORPORATION HDHP PLAN.,<br><br>Defendants. | **PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY AND MEMORANDUM IN SUPPORT**<br><br>Case No. 1:26-cv-04319-ER<br><br>Judge Edgardo Ramos |

## NOTICE OF MOTION

Pursuant to Federal Rules of Civil Procedure 5.2, and 7, Plaintiffs R.A.L. and N.G.L., by and through undersigned counsel, hereby respectfully move the Court for an order granting Plaintiffs leave to proceed in the above-entitled matter under pseudonyms comprised of their first initials. This relief is sought under Second Circuit precedent allowing litigants to proceed using

pseudonyms based on a balancing test involving public access and a party's interest in anonymity. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).

The relief sought by this Motion is that the Court grant leave for Plaintiffs to proceed anonymously, using their initials in place of their full names in all aspects of this litigation.

**MEMORANDUM OF LAW**

**RELEVANT FACTS**

1.      Plaintiffs filed a Complaint in this action using pseudonyms in place of R.A.L. and N.G.L.'s full names including a claim for Recovery of Benefits under 29 U.S.C. § 1132(a)(1)(B)) and violation of Mental Health Parity and Addiction Equity Act ("MHPAEA"), as well as for equitable relief under 29 U.S.C. § 1132(a)(3)). *See generally*, ECF No. 1, Complaint.

2.      N.G.L. was diagnosed with mental health conditions listed in the Diagnostic and Statistical Manual ("DSM"). *Id*. at ¶ 29.

3.      From May 20, 2022, through August 3, 2022, N.G.L. received treatment for those conditions at True North, which treatment is at issue in this action. *Id*. at ¶ 30.

4.      True North was licensed by the state of Vermont to operate a residential treatment program that provided mental health services for adolescents and young adults. *Id.* at ¶31.

5.      N.G.L. experienced improvements related to the treatment at ECA. *Id*. at ¶ 33.

**ARGUMENT**

As a rule, Plaintiffs must use their full, actual names. *See* Fed. R. Civ. P. 10(a) (civil complaints must "name all the parties"). Federal courts, however, have also recognized that in certain circumstances the use of pseudonyms is acceptable. Thus, while there is a presumption

that parties must be explicitly named, "[t]he presumption can be rebutted. A litigant is allowed, for example, to conceal trade secrets, and, if there are compelling reasons of personal privacy, to litigate under a pseudonym." *Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). *See also Doe v. Word of Life Fellowship, Inc.*, No. 11-40077-TSH, 2011 WL 2968912, at *1 (D. Mass. July 18, 2011) ("[c]ourts do recognize that the use of pseudonyms is necessary in specific circumstances"). [1]

The Ninth Circuit allows parties to use pseudonyms "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The Second Circuit has adopted the Ninth Circuit's balancing test, explaining: "We agree that the interests of both the public and the opposing party should be considered when determining whether to grant an application to proceed under a pseudonym. Accordingly, we endorse the Ninth Circuit's formulation and hold that when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).

Among the factors to be considered in allowing a party to proceed anonymously are whether the litigation involves highly sensitive and personal information, whether identification poses a risk of mental harm to the party, whether the party is particularly vulnerable to

---

[1] Though the Supreme Court has not expressly set out factors, it has implicitly endorsed the use of pseudonyms to protect plaintiffs' privacy. *See*, *e.g.*, *Honig v. Doe*, 484 U.S. 305 (1988) (suit by minor for violation of Education of the Handicapped Act); *Plyler v. Doe*, 457 U.S. 202 (1982) (suit by undocumented minors for violation of equal protection); *Roe v. Wade*, 410 U.S. 113 (1973) (abortion); *Poe v. Ullman*, 367 U.S. 497 (1961) (birth control).

identification in light of his or her age, and whether the public's interest in the litigation is furthered by identifying the party. *Id.* at 190.

Here, these factors weigh in favor of overcoming the general presumption that parties should publicly litigate their cases by revealing their full names. As discussed in the Complaint, N.G.L. suffers from mental health conditions serious enough to require over two months of residential treatment. The exact nature of the private mental health and personal issues that require N.G.L. to receive such treatment are likely to arise in more detail in subsequent briefing and other filings. At this stage, however, the nature and length of the treatment shows the severity of the disorders N.G.L. suffers and suggests a level of maladapted behavior and symptomology extreme enough to require extended residential care.

Plaintiffs have a compelling interest in keeping these personal details about N.G.L.'s mental health private. This privacy is not merely to avoid embarrassment, but to protect N.G.L.'s mental health and wellbeing now and in the future. Public disclosure of mental illness is often detrimental to a patient's mental health. Allowing R.A.L. to use a pseudonym is essential to this protection because if R.A.L. is publicly identified, it will be an easy matter to identify N.G.L. *See*, *e.g.*, *N.E. v. Blue Cross Blue Shield of N. Carolina*, No. 1:21CV684, 2023 WL 2696834, at *15 (M.D.N.C. Feb. 24, 2023) (unpublished) (Peake, M.J.) (allowing parent to use pseudonym furthered the protection of identity of adult plaintiff)) (recommendation adopted, 2023 WL 2692414 (M.D.N.C. Mar. 29, 2023) (unpublished) (Biggs, J.).

Moreover, the need for privacy is explained in no small part to the fact that, despite advances, mental illness still carries a societal stigma. *See Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) ("Unfortunately, in our society, there is a significant stigma

4

associated with being identified as suffering from a mental illness."). This concern is amplified by the realities of today's digital environment. That is, publicly naming Plaintiffs in a suit could lead to people identifying N.G.L., making information about N.G.L.'s struggles available on social media for use in ways completely beyond the control of Plaintiff or the Court – into perpetuity. On top of potential cyberbullying, N.G.L. might face the prospect that this case and its discussion of N.G.L.'s mental health is the first thing that future employers, friends, classmates or others see about them in an internet search.

While the courts and the public have an interest in keeping judicial proceedings public, there is also "substantial public interest in maintaining the confidentiality of plaintiff's name. To start, the public has an interest in preventing the stigmatization of litigants with mental illnesses. Further, plaintiff's identity should be protected in order to avoid deterring people with mental illnesses from suing to vindicate their rights." *Id.* at 468.

Moreover, if Plaintiffs are permitted to proceed under pseudonyms, there is no discernable harm to Defendants. Plaintiffs will, of course, provide identifying information to Defendants. Defendants, as the parties who administered the claims at issue, are fully aware of the facts and circumstances of Plaintiffs' claim and will suffer no disadvantage in litigation. Defendants also operate in a highly regulated environment where protecting patient health privacy is the norm due to state and federal privacy laws and regulations.

Likewise, there is no harm to public confidence in the judicial system if Plaintiff proceeds anonymously. After all, "Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious

name." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981); *see also Freedom From Religion Found., Inc. v. Connellsville Area Sch. Dist.*, No. 2:12-CV-1406, 2013 WL 2296075 at *3 (W.D. Pa. May 24, 2013) ("the issue in this case does not turn on the identity of the Plaintiff, and the Court presently does not see how denying Plaintiffs' request will interfere with the public's right to follow the proceedings, which will be kept open to the public while maintaining the confidentiality of the Does' identities").

Case law supports Plaintiff's position. The federal courts have frequently permitted parties suffering from mental illness to proceed under a pseudonym. For example, in *Doe v. Mamsi Life & Health Ins. Co.*, 471 F. Supp. 2d 139 (D.D.C. 2007), a 20-year-old woman challenging the denial of insurance benefits for treatment of her bulimia nervosa was permitted to proceed anonymously. In *Douglas S. v. Altius Health Plans, Inc.*, 409 Fed. Appx. 219 (10th Cir. 2010), the plaintiffs – both the patient and her parents – proceeded under pseudonyms in a case involving the defendant's denial of insurance benefits for the plaintiff's treatment of depression and eating disorders. *See also Tony M. v. United Healthcare Ins.*, No. 2:19-cv-00165, 2025 U.S. Dist. LEXIS 18132, at *4 (D. Utah Jan. 31, 2025) (unpublished) (permitting ERISA plaintiff to proceed pseudonymously where the case related to medical care the plaintiff received as a minor); *Doe v. Wesleyan Univ.*, Case No. 3:19-cv-1518-JBA, 2020 WL 13564635, at *3 (D. Conn. Sept. 15, 2020) (unpublished) ("Federal courts in this Circuit and elsewhere consistently hold that severe psychiatric illnesses, including those associated with suicide and self-harm, are subject to substantial societal stigma and constitute intimate, personal matters" which can warrant anonymity.); *Smith v. United Healthcare Ins. Co.,* No. 18-CV-06336-HSG, 2019 WL 3238918, at *7 (N.D. Cal. July 18, 2019) (unpublished) (allowing an ERISA plaintiff to proceed

6

anonymously "to preserve her privacy in the sensitive area of her mental health diagnosis and treatment").; *Anonymous Oxford Health Plan Member with ID No. 6023604\*01 v. Oxford Health Plans (N.Y.), Inc.*, No. 08 Civ. 943 (PAC), 2009 WL 667237 (S.D.N.Y. March 16, 2009) (unpublished) (involving denial of inpatient treatment of an eating disorder). In short, by allowing Plaintiffs to proceed under pseudonyms, the Court will be acting in concert with other courts throughout the federal judicial system, including those in the Second Circuit.

## CONCLUSION

The highly sensitive nature of the information and subject matter of this case supports granting Plaintiffs to proceed anonymously under pseudonyms for the duration of this litigation. Granting this motion will not prejudice Defendants nor the public. In sum, this is an exceptional case where the need for anonymity outweighs the public interest in disclosing the identities of Plaintiffs.

For these and the foregoing reasons, Plaintiff respectfully request that the Court grant the motion to proceed under pseudonyms.

DATED this 26th day of May 2026.

CHRISTENSEN & JENSEN. P.C.

Flynn Ezra Beckman
*Attorneys for Plaintiff*

7